UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,             Case No. 1:07-cr-20466

v.             Honorable Thomas L. Ludington
            United States District Judge

JAMES THOMAS DOVER III,

           Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE RESTITUTION PAYMENTS**

James Thomas Dover III is asking this Court to reduce his restitution obligations, which he agreed to pay as part of his plea agreement, under 18 U.S.C. § 3664(k).

But § 3664(k) does not permit the relief that he seeks. Even if it did, Defendant has not followed the proper procedures. So his request will be denied.

**I.**

In March 2008, Defendant James Thomas Dover III pleaded guilty to three counts of financial-institution fraud, 18 U.S.C. § 1341. ECF No. 6. To that end, he admitted to entering three fraudulent mortgage transactions—one each with Comerica Bank, Washington Mutual Bank, and Fifth Third Bank. *Id.* at PageID.13–14.

In July 2009, Defendant was sentenced to 41 months' imprisonment on each count, to run concurrently, and among other things, to pay restitution of $471,477.54 to Washington Mutual Bank and $526,500.00 to Fifth Third Bank. ECF No. 13 at PageID.42–45. He served his time and then completed the terms of his supervised release on May 3, 2012. ECF No. 23.

As of September 13, 2022, Defendant has paid $47,650.90 of his restitution obligation, leaving $950,326.64 still due. ECF No. 29 at PageID.157.

On August 9, 2022, he filed a motion to be relieved of his restitution obligations. ECF No. 24. The Government contests the motion. ECF No. 29.

**II.**

**A.**

Generally, federal courts may not modify an imposed criminal sentence. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

But "[a] district court [may] modify an order of restitution when there is a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" *United States v. Grigsby*, 665 F. App'x 701, 706 (10th Cir. 2016) (unpublished) (quoting 18 U.S.C. § 3664(k)). "[I]f there is any material change to the [Defendant's] finances, [then] she must notify the court and the U.S. Attorney's Office, and the victim must also be informed." A. Margot Moss, *Restitution in Federal White Collar Cases: Squeezing Blood from a Stone*, CHAMPION, June 2016, at 21, 22 (citing 18 U.S.C. § 3664(k)). A material change may be brought to a court's attention by the Government, the defendant, or the victim. *Grigsby*, F. App'x at 706 (citations omitted).

Upon receiving notice of a material change, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). That is, "[§] 3664(k) does not authorize modification of the amount of restitution . . . ." *United States v. London-Clayton*, 487 F. Supp. 3d 626, 628 (E.D. Mich. 2020) (citing *United States v. Holley*, No. 19-5492, 2020 WL

2316052, at *2 (6th Cir. Jan. 29, 2020)); *accord United States v. Phillips*, 9 F.4th 382, 384-85 (6th Cir. 2021).

"Before the district court adjusts the payment schedule, the Attorney General generally must certify to the court that the victim has been notified of the defendant's changed circumstances." *United States v. Lassiter*, No. 13-20476, 2021 WL 486611, at *2 (E.D. Mich. Feb. 10, 2021) (citing *Grigsby*, 665 F. App'x at 706).

**B.**

Citing 18 U.S.C. § 3664(k), Defendant asks this Court (1) to set aside the balance of the restitution that he owes to Fifth Third Bank because he was successful in having that debt discharged in bankruptcy, ECF No. 24 at PageID.142; (2) to set aside the balance of the restitution that he owes to Washington Mutual Bank[1] because it is no longer a viable corporation, *id.* at PageID.141; and (3) to relieve him of his restitution responsibilities due to health issues and a change in economic circumstances, *id.* at PageID.142.

But Defendant is not entitled to the relief that he seeks. First, Defendant did not follow the proper procedures by notifying the Government of the purportedly material changes so that it could notify the victims and certify their notification to this Court. *United States v. Wisdom*, No. 14-20359, 2021 WL 4949226, at *2 (E.D. Mich. Oct. 25, 2021). "Only after these steps are taken will the court have the authority to modify Defendant's restitution under § 3664(k)." *Id.* Second, Defendant has requested termination of his restitution obligations, not modification of his payment schedule. *See generally* ECF No. 24. This Court hath not such power. *See generally* 18 U.S.C. §

---

[1] Washington Mutual was closed by the Office of Thrift Supervision on September 25, 2008. FDIC, *Failed Bank Information*, FDIC.gov (Sept. 11, 2020), https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/wamu.html [https://perma.cc/ZAQ9-FYMS]. The FDIC was appointed as receiver and ultimately sold the assets and liabilities to JPMorgan Chase. *Id.*

3664(k) (permitting district courts to only modify restitution payment schedules). Third, despite the Government's request for corroborating evidence, Defendant has provided nothing to prove his changed circumstances—medical or financial. ECF No. 29 at PageID.158 & n.2. This absence of evidence also precludes the relief that he seeks. *Wisdom*, 2021 WL 4949226, at *2 (first citing *United States v. Armstrong*, No. 17-MC-50464, 2018 WL 2041835, at *4 (E.D. Mich. May 2, 2018); then citing *United States v. Trumball*, No. 1:06-CR-228, 2008 U.S. Dist. LEXIS 32098, at *1 (W.D. Mich. Apr. 18, 2008); and then citing *United States v. Fields*, No. 99-CR-0286 (KBJ), 2020 WL 32990, at *3 (D.D.C. Jan. 2, 2020)).

In sum, a modification of Defendant's restitution payment schedule is unwarranted under § 3664(k) because he has not followed the proper procedures, corroborated his claims, and may not receive what he seeks under that statute.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion to Reduce Restitution Payments to Fifth-Third Bank, ECF No. 24, is **DENIED**.

Dated: September 23, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge